Luis Vázquez Gueits, demandante y apelante, *v.* La Comisión de Indemnizaciones a Obreros, demandada y apelada.

No. 3874.—*Visto:* Mayo 26, 1926. *Resuelto:* Julio 30, 1926.

1. Patrono y Empleado—Leyes de Indemnizaciones por Accidentes del Trabajo—Procedimientos—Procedimientos de la Comisión de Indemnizaciones a Obreros—Resoluciones Finales de la Comisión.—Notificación—Notificación a Dirección Distinta de la que Consta en los Autos de la Comisión y Efecto.—Según certificación del Secretario de la Comisión de Indemnizaciones aparece que una resolución de dicho organismo se notificó por correo en determinada fecha al reclamante; éste sostiene que la notificación se le hizo en fecha distinta. Examinados los autos de la Comisión aparece que la carta notificación se le dirigió a una dirección distinta a la consignada en dichos autos como la de él y a sitio donde no existía servicio fijo de correos. Se resolvió que el beneficio de la duda debía darse al apelante.

2. Patrono y Empleado—Leyes de Indemnizaciones por Accidentes del Trabajo—Procedimientos—Procedimientos de la Comisión de Indemnizaciones a Obreros—Revisión por los Tribunales—De la Demanda—Alegaciones en la Misma y su Suficiencia—Muerte a Consecuencia de un Accidente del Trabajo.—La alegación en demanda contra resolución de la Comisión de Indemnizaciones de que al volteador de una finca se le escapó un tiro de una escopeta que usaba para voltear y lo mató es, en ausencia de alegación al efecto de que dicho empleo exigiera el uso de una escopeta, insuficiente para demostrar que él murió como consecuencia de un accidente del trabajo.

3. Patrono y Empleado—Leyes de Indemnizaciones por Accidentes del Trabajo—Procedimientos—Procedimientos de la Comisión de Indemnizacio-

nes a Obreros—Revisión por los Tribunales—de la Demanda—Alega-
ciones en la Misma y su Suficiencia—Dependencia.—Una alegación de
dependencia—en demanda contra resolución de la Comisión de Indemniza-
ciones—al efecto de que la reclamación por el apelante se hace "como
heredero que dependía del obrero muerto" sin alegar la dependencia de
hecho, es insuficiente.

4. Patrono y Empleado—Leyes de Indemnizaciones por Accidentes del Tra-
bajo—Procedimientos—Procedimientos de la Comisión de Indemnizacio-
nes a Obreros—Revisión por los Tribunales—Evidencia—Su Suficien-
cia—Dependencia.—En este caso *se resolvió* que, si bien del análisis de
la prueba podía haber duda de si el accidente fué o nó uno del trabajo,
sin embargo, no se probó que el padre demandante dependía del hijo para su
sostenimiento.

Sentencia de *R. Díaz Cintrón*, J. (Ponce), desestimando la de-
manda, sin costas. *Confirmada.*

*Miguel Bahamonde,* abogado del apelante; *Attorney General, George
C. Butte, Carlos Llauger Díaz* y *Emilio Aldrey,* abogados de la
apelada.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

No conforme Luiz Vázquez Gueits con la resolución de la
Comisión de Indemnizaciones a Obreros que sobreseyó la
reclamación que ante ella entablara con motivo de la muerte
de su hijo Andrés, inició este pleito en la Corte de Dis-
trito de Ponce. El caso se tramitó y la corte dictó senten-
cia finalmente declarando la demanda sin lugar. Vázquez
interpuso entonces el presente recurso de apelación.

[1] Una de las defensas establecidas en la corte inferior
fué la de que el procedimiento iniciado lo había sido después
de vencido el término que la ley concede para ello.

La resolución de la Comisión se dictó el 11 de junio de
1924 y, según certificación del Secretario Ejecutivo de la
Comisión obrante en los autos, se notificó al solicitante
Luis Vázquez Gueits por correo el 19 de junio de 1924. La
demanda se interpuso el 31 de enero de 1925 o sea más de
seis meses después.

La ley aplicable al caso—art. 9 de la Ley de Indemni-
zaciones por Accidentes del Trabajo, de 1918, enmendado
en 1921—prescribe que estas acciones deberán formalizarse

presentando al secretario de la corte de distrito del distrito en que ocurrió el accidente, una exposición por escrito dentro de los treinta días subsiguientes al recibo del aviso de la decisión de la comisión.

Siendo ello así, si se acepta el certificado del Secretario de la Comisión como demostrativo de que la notificación se hizo, la acción habría prescrito cuando fué ejercitada.

Pero el apelante sostiene que la notificación no se hizo hasta el 8 de enero de 1925. Así lo declaró bajo juramento en el juicio y como examinados los autos de la misma Comisión se encuentra que no obstante haberse consignado en ellos que la dirección del reclamante era: "100 Calle Condado," se le dirigió la carta notificación a "Marueño, Ponce, P. R.," siendo Marueño un barrio de la zona rural sin servicio fijo de correo, nos inclinamos a dar el beneficio de la duda al apelante.

[2, 3] No basó la corte de distrito su decisión únicamente en la cuestión de prescripción. Analizadas las alegaciones y la evidencia, la corte declaró probado además, 1, que el hijo del demandante "no murió como consecuencia de un accidente del trabajo con derecho a indemnización de acuerdo con la ley sobre la materia," y 2, que el demandante no dependía de su hijo fallecido para su subsistencia.

Hemos examinado las alegaciones que la demanda contiene y aún sin entrar en la prueba se sostiene la sentencia apelada. Son así:

"2.—Que antes y para el 23 de abril de 1923, Andrés Vázquez Colón, hijo legítimo del apelante, trabajaba con su patrono, Don Manuel Colón Luna, en una finca de éste en el barrio Marrueño de Ponce, como volteador, y que mientras se encontraba desempeñando las funciones de su empleo como tal volteador de don Manuel Colón Luna en la referida finca, se escapó un tiro de la escopeta que usaba dicho Andrés Vázquez Colón para voltear, cogiéndolo el proyectil por el lado izquierdo a consecuencia de lo cual falleció en el acto.

"3.—Que el apelante estableció la correspondiente reclamación, como heredero que dependía del obrero muerto ante la Comisión de

Indemnizaciones·a obreros en Puerto Rico, en tiempo y forma cumpliendo todas las formalidades de la ley, de manera que dicha Comisión pudiera considerar y resolver el caso, y la Comisión, en junio 11 de 1924 dió una resolución cuya parte dispositiva dice como sigue: 'En el caso de Andrés Vázquez, 35640, se acordó el sobreseimiento y archivo del mismo por no tratarse de uno de los accidentes que proteje la Ley. Comuníquese al interesado.' ''

A su debido tiempo la demandada y apelada adujo que dichas alegaciones no eran suficientes porque si bien se expresa que Andrés Vázquez era volteador de la finca, no se dice que su empleo exigiera el uso de una escopeta y porque en cuanto a la dependencia lo único que se dice es que la reclamación se hizo por el apelante "como heredero que dependía del obrero muerto," lo que no quiere necesariamente decir que efectivamente dependía del obrero sino que él reclamaba diciendo que dependía de él. Falta la alegación· actual de dependencia.

[4] A nuestro juicio tiene razón la demandada, pero si se estimara todo ello demasiado técnico, y se entrara en el análisis de la prueba podríamos quizá tener alguna duda con respecto a si el accidente era o nó uno del trabajo, pero no la tenemos de que no se probó que el padre demandante dependía razonablemente del hijo para su sostenimiento. El hijo ganaba unos quince dólares al mes y sostenía independientemente una querida. La declaración del padre es tan exagerada, que la corte estuvo justificada en no darle crédito.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Hutchison no intervino en la resolución del caso.